UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MARY HUSS,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN COLVIN,<br><br>        Defendant. | Case No. 3:14-cv-02299-LB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES WITHOUT PREJUDICE**<br><br>[Re: ECF No. 19] |

On April 14, 2015, this court granted in part and denied in part the plaintiff Mary Huss's motion for summary judgment, denied the Commissioner's motion for summary judgment, and remanded the action to the Social Security Administration for further proceedings. (4/14/2015 Order, ECF No. 16.) The court entered judgment in favor of Ms. Huss and against the Commissioner that same day. (4/14/2015 Judgment, ECF No. 17.)

Ms. Huss now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Motion, ECF No. 19.) The Commissioner does not argue that Ms. Huss is not a "prevailing party," that its position in the action was "substantially justified," or that "special circumstances make an award unjust," such that Ms. Huss is not entitled to attorney's fees at all. *See* 28 U.S.C. § 2412(d)(1)(A); (Opposition, ECF No. 22). Instead, the Commissioner contends that that amount of attorney's fees Ms. Huss requests is unreasonable. (Opposition, ECF No. 22 at 2-6.)

ORDER (No. 3:14-cv-02299-LB)

The court finds that Ms. Huss has not met her burden to show that the attorney's fees she requests are reasonable and denies the motion without prejudice to allow her counsel to supplement the record and the Commission to respond. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). First, Ms. Huss did not state in the motion or the proposed order the amount of attorney's fees she requests. (*See generally* Motion, ECF No. 19.) The reply has blank spaces where the amount should be. (Reply, ECF No. 23 at 6.) The amount—$5,262—is found only within Ms. Huss's counsel's declaration. (Weathered Decl., ECF No. 19-1 at 2.) Second, it appears that Ms. Huss's counsel erred in calculating this amount. To arrive at $5,262, counsel states that he spent 14.8 hours on this case in 2014 at a rate of $190 per hour (for a purported total of $3,818) and 7.6 hours on this case in 2015 at a rate of $190 per hour (for a total of $1,444). (*Id.*) But 14.8 times $190 is not $3,818; it is $2,812. Thus, the claimed amount is off by $1,006. Third, regardless of the actual amount sought, counsel has not supported his hours. He states in his declaration that his expended hours are supported by an attached timesheet, but no timesheet is attached. (*Id.* at 1.) After the Commissioner pointed this omission out in its opposition, Ms. Huss's counsel attached it to his supplemental declaration that he filed along with Ms. Huss's reply. (Supp. Weathered Decl., Ex. 1, ECF No. 23-1.) Leaving the timesheet out of the original declaration prevents the Commissioner from reviewing the time entries and thus from having an opportunity to object to any entry as unreasonable.

The court therefore denies Ms. Huss's motion without prejudice. The court directs Ms. Huss and the Commissioner to meet and confer by August 24, 2015 to discuss Ms. Huss's counsel's attorney's fees. If Ms. Huss and the Commissioner cannot stipulate to an amount, Ms. Huss's counsel must file a motion for attorney's fees that, unlike the instant motion, clearly states that the amount sought. That amount must be accurate, reasonable, and supported by evidence.

**IT IS SO ORDERED.**

Dated: August 17, 2015

_____
LAUREL BEELER
United States Magistrate Judge

ORDER (No. 3:14-cv-02299-LB)

2