1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MARY HUSS,<br><br>            Plaintiff,<br><br>    v.<br><br>CAROLYN COLVIN,<br><br>            Defendant. | Case No. 3:14-cv-02299-LB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>[Re: ECF No. 26] |

On April 14, 2015, this court granted in part and denied in part the plaintiff Mary Huss's motion for summary judgment, denied the Commissioner's motion for summary judgment, and remanded the action to the Social Security Administration for further proceedings. (4/14/2015 Order, ECF No. 16.[1]) The court entered judgment in favor of Ms. Huss and against the Commissioner that same day. (4/14/2015 Judgment, ECF No. 17.)

On July 2, 2015, Ms. Huss filed a motion for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Motion, ECF No. 19.) The court denied that motion because she did not met her burden to show that the requested fees were reasonable. (8/17/2015 Order, ECF No. 25.) Specifically, Ms. Huss did not state in the motion or the proposed order the amount of attorney's fees she requested and instead stated the amount only within her

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of the documents.

ORDER (No. 3:14-cv-02299-LB)

counsel's declaration, erred in calculating the amount, and, regardless of the actual amount sought, her counsel did not support his hours. (*See id.* at 2.) The court denied the motion without prejudice to allow Ms. Huss's counsel to supplement the record and the Commissioner to respond. (*Id.*)

On August 21, 2015, Ms. Huss filed a second motion for attorney's fees pursuant to the EAJA. (Second Motion, ECF No. 26.) She seeks $6,781[2], which is based on 14.8 hours in 2014 at a rate of $190.00 per hour and 21.0 hours in 2015 at a rate of $189.00 per hour. (*Id.* at 5; Weathered Decl., ECF No. 26-1 at 1-2 & Ex. 1; Reply, ECF No. 30 at 8; Weathered Reply Decl., ECF No. 30-1 at 1.) This total amount includes fees incurred in relation to the parties' summary-judgment motions as well as to her two motions for attorney's fees. The hourly rates do not exceed the statutory maximum annual fee rates for 2014 or 2015, and the court finds them reasonable. *See* Statutory Maximum Rates under the Equal Access to Justice Act, at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (October 7, 2015).

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To be considered a prevailing party eligible to receive an award of attorney fees under the EAJA, the party must have received a final judgment in the civil action. 28 U.S.C. § 2412(d)(2)(H). A claimant who receives a sentence four remand order in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Shaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995).

The burden of proof that the government's position was substantially justified rests on the government. *Scarborough v. Principi*, 54 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). The Supreme Court has defined "substantially

---

[2] Her counsel's declaration filed along with the reply states that the total request is $6,771, which includes "$6,015" that her counsel purportedly requested in his declaration that was filed along with the motion. (*See* Weathered Reply Decl., ECF No. 30-1 at 1.) Her counsel actually requested $6,025, not $6,015, in his declaration that was filed along with the motion. (*See* Weathered Decl., ECF No. 26-1 at 2.) This means that the total award Ms. Huss requests is $6,781, not $6,771.

United States District Court
Northern District of California

justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "A substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Establishing that a position was substantially justified is a two-step process. 28 U.S.C. § 2412(d)(2)(D); *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998). First, the defendant must show that "the action or failure to act by the agency" was substantially justified. *Kali*, 854 F.2d at 332. Second, the defendant must show that the government was substantially justified in defending the validity of the civil action. *Id.*

Recoverable fees and expenses include reasonable expenses of expert witnesses, reasonable costs of any study, analysis, report, test, or project found by the court to be necessary for the prevailing party's case, and reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A). Attorney fees may not be awarded in excess of $125 per hour unless the court determines that a higher fee is justified by either an increase in the cost of living or a special factor (such as the limited availability of qualified attorneys for the proceeding involved). *Id.* Furthermore, a party may recover the filing fee for the action. 28 U.S.C. § 2412(a)(2). The prevailing party has the burden to show that fees awarded are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983).

In her opposition, the Commissioner does not argue that Ms. Huss is not a "prevailing party," that her position in the action was "substantially justified," or that "special circumstances make an award unjust," such that Ms. Huss is not entitled to attorney's fees at all. *See* 28 U.S.C. § 2412(d)(1)(A); (Opposition, ECF No. 29). Instead, the Commissioner contends that that amount of attorney's fees Ms. Huss requests is unreasonable. (Opposition, ECF No. 29 at 2-5.)

The Commissioner makes two arguments. First, the Commissioner says that it was only because Ms. Huss's counsel would not agree to use "a standard stipulation" that is "typically used in these cases" that the fees issue was not settled without motion practice. (*Id.* at 4.) If Ms. Huss's counsel had, Ms. Huss would not have needed to file her motions in the first place, and thus her counsel's decision to spend hours in 2015 on this issue was unreasonable. (*Id.*) Second, the Commissioner says that Ms. Huss's should not recover fees relating to two motions because she had to file a second one only because her first one was so deficient. (*Id.* at 3.)

United States District Court
Northern District of California

United States District Court
Northern District of California

1    The court is not persuaded by the Commissioner's first argument, but it is persuaded by the

2    second. As to the first argument, there are competing points. On one hand, the court hears what the

3    Commissioner is saying: that none of these fees-on-fees would be necessary if Ms. Huss's counsel

4    had simply agreed to standard language in a standard EAJA fees stipulation. It is true that the

5    award of attorney's fees in appeals from Social Security Administration decision often is resolved

6    with a standard stipulation. And it sounds from the parties' briefs that the issue was very close to

7    being resolved this way in this case. On the other hand, just because a standard stipulation is often

8    used does not mean that it has to be used, and on this record the court cannot say that Ms. Huss's

9    counsel desire to modify the standard language was necessarily unreasonable. Depending on the

10   factual context, such standard language may or may not be appropriate or desirable to a particular

11   party. As to the second argument, the court agrees that it is not reasonable for Ms. Huss to recover

12   fees that she incurred in relation to the second motion. As noted above, she had to file a second

13   motion only because her first one was deficient. It contained numerous errors and did not allow

14   the Commissioner to fairly challenge the requested fees or the court to decide the issue. Therefore,

15   the court will not award Ms. Huss the fees that she incurred after the court denied her first motion

16   on August 17, 2015. This means that her requested fees will be reduced by $1,341.90 (7.1 hours

17   times $189.68 per hour). (*See* Weathered Decl., ECF No. 26-1 at 4 (time sheet shows 3.1 hours

18   worked between August 17, 2015 and August 21, 2015); Weathered Reply Decl., ECF No. 30-1 at

19   1 (declaration shows 4.0 hours worked between September 3, 2015 and September 5, 2015)); *see*

20   *also* Statutory Maximum Rates under the Equal Access to Justice Act, *at*

21   http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (October 7, 2015). This results

22   in an award of $5,439.10 ($6,781.00 minus $1,341.90).

23   Finally, the Commissioner argues that any fees awarded to Ms. Huss should be paid directly to

24   Ms. Huss and not to her counsel, notwithstanding the fact that the retainer agreement between Ms.

25   Huss and her counsel provides for any fees to be paid directly to her counsel. (Opposition, ECF

26   No. 29 at 5-6; *see also* Weathered Decl., ECF No. 26-1, Ex. 2.) The court agrees. As the

27   Commissioner points out, such as request is contrary to the EAJA and *Astrue v. Ratliff*, 560 U.S.

28   586 (2010).  In *Ratliff*, the United States Supreme Court "resolved a longstanding circuit split on

ORDER (No. 3:14-cv-02299-LB)

4

1  the question of whether fee awards under EAJA were payable to the party or the attorney by

2  holding that EAJA awards are to be paid to the prevailing litigant." *United States v. $186,416.00*

3  *in U.S. Currency*, 642 F.3d 753, 755 (9th Cir. 2011) (citing *Ratliff*, 560 U.S. at 591-98).  The

4  Court based its decision, in part, on the specific language in EAJA directing payments to the

5  "prevailing party, which is "a 'term of art' that refers to the prevailing litigant." *Ratliff*, 130 S.Ct.

6  at 591.  But as the Ninth Circuit has explained:

> The Court's decision in *Ratliff* did not stop there, however. It went on to
> highlight the absence of language in EAJA explicitly directing fees to attorneys.
> Comparing EAJA with a provision in the Social Security Act making fee awards
> payable "to such attorney," *see* 42 U.S.C. § 406(b)(1)(A), the Court concluded that
> "given the stark contrast between the SSA's express authorization of direct
> payments to attorneys" and the absence of such language in EAJA, it would not
> interpret EAJA to "contain a direct fee requirement absent clear textual evidence
> supporting such an interpretation." *Ratliff*, 130 S.Ct. at 2527-28. As the Court
> noted, Congress "knows how to make fees awards payable directly to attorneys
> where it desires to do so." *Id.* at 2527.
>
> *Ratliff* counsels that in the absence of explicit instructions from Congress
> awarding fees to the attorney, direct payment to the attorney should not be
> presumed. *Id.*

15  *$186,416.00 in U.S. Currency*, 642 F.3d at 755-56.

16      Ms. Huss is the prevailing party in this case. Accordingly, under *Ratliff*, Ms. Huss, and not her

17  counsel, is entitled to the direct payment of the $5,439.10 award, subject to any debt offset. *See*

18  *Nielsen v. Colvin*, No. 3:11-cv-03379 LB, 2015 WL 2174222, at *7 (N.D. Cal. May 8, 2015)

19  (ordering fees to be paid directly to the prevailing plaintiff); *Smith v. Astrue*, No. C 10-4814 PJH,

20  2012 WL 3114595, at *5-6 (N.D. Cal. July 31, 2012) (ordering fees to be paid directly to the

21  prevailing plaintiff, regardless of a fee assignment).

22      Accordingly, the court grants in part and denies in part Ms. Huss's motion to the extent

23  described above.

24      **IT IS SO ORDERED.**

25  Dated: October 19, 2015

26  _____

27  LAUREL BEELER
    United States Magistrate Judge

28

United States District Court
Northern District of California